**DUCHARME, McMILLEN & ASSOCIATES, INC.,**
Plaintiff,

v.

**CALGON CARBON CORPORATION,**
Defendant.

Civil Action No. 00–1730.

United States District Court,
W.D. Pennsylvania.

March 18, 2003.

James F. Israel, Israel, Wood & Puntil, Pittsburgh, PA, Jami Wintz McKeon, Morgan, Lewis & Bockius, Philadelphia, PA, Margaret S. Izzo, Jennifer E. Minnich, Morgan, Lewis & Bockius, Pittsburgh, PA, for plaintiff.

Jack B. Cobetto, Reed Smith, Pittsburgh, PA, for defendant.

### MEMORANDUM

LANCASTER, District Judge.

Before the court is Plaintiff's motion to preclude the testimony of Eddie Beck as Defendant's expert on three separate issues regarding Mississippi state tax law. Plaintiff asserts that Mr. Beck's testimony should be precluded because it does not meet the relevancy and reliability requirements set forth in Federal Rule of Evidence 702 of the Federal Rules of Evidence and by the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and its progeny. Plaintiff also moves for the exclusion of certain documents identified in defendant's pre-trial statement as "applicable portions of the tax codes of the 50 states." For the reasons that follow, both of plaintiff's motions will be granted.

### I. *Background*

Plaintiff, Ducharme, McMillen & Associates ("Ducharme") contracted to provide defendant, Calgon Carbon Corporation ("Calgon"), tax consulting services. Under the agreement, Ducharme was to be paid 50% of any tax savings achieved through its work. Ducharme asserts that it recommended that Calgon switch the accounting method it was using to report taxable income in the state of Mississippi from the "apportionment method" to the "separate or direct method." [1] Ducharme asserts that Calgon obtained approximately $1,000,000 in tax savings by implementing this recommendation and is suing for payment.

Calgon asserts that it does not owe any amount to Ducharme because: 1) Ducharme never made any recommendation regarding separate accounting. To the contrary, in the only communication between the parties in which separate accounting was mentioned, Ducharme only stated that Calgon should consider this accounting method and Ducharme did not know at the time whether Calgon could actually employ the method; 2) that Ducharme falsely stated that the Mississippi State Tax Commission ("Commission") preferred the separate method of accounting and; 3) that Calgon's decision to employ the separate method was not made as

---

**1.** Under Mississippi law, a business with operations in multiple states can potentially determine its net taxable income within Mississippi by using one of two accounting methods. Under the apportionment method, the business employs a three factor formula to estimate the income that is attributed to activity within Mississippi from the business's overall income. Under the direct or separate method, the business must submit records that show net income that was actually attributable to activity within Mississippi.

a result of Ducharme's alleged recommendation, but Calgon chose that route based upon its own personnel's knowledge.

Calgon would like to call Mr. Eddie Beck to testify as an expert to the second and third defenses referenced above. Mr. Beck is an accountant and CPA who was employed by the Mississippi Tax Commission ("Commission") for thirty nine years. First, Mr. Beck would testify that the Commission does not prefer the separate method of accounting. Second, to bolster the opinion that the Commission does not prefer the separate method of accounting, Mr. Beck will testify that Calgon received accurate advice from their law firm that it would be difficult to obtain permission from the Commission to switch from the apportionment method to the separate accounting method. Third, Mr. Beck will testify that the concept of separate accounting is well known in the area of taxation and that any reasonably experienced person in a multi-state corporation's tax department would be aware of the possibility of using separate accounting in filing multi-state tax returns for corporations.

Calgon objects to this testimony asserting it does not meet the standards of reliability and relevancy set forth in Federal Rule of Evidence 702 and by the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and its progeny.

Ducharme also moves to exclude documents identified in Calgon's pretrial statement as "Applicable portions of the tax codes of the 50 states" because they were not produced in a timely manner.

II. *Discussion*

A. *Ducharme's Motion to Exclude the Testimony of Eddie Beck.*

Federal Rule of Evidence 702 governs the admission of expert testimony in federal court. The rule states:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed.R.Evid. 702 (2002).

The opinion testimony must assist the trier of fact in determining a fact in issue. *United States v. Perez*, 280 F.3d 318, 340 (2002). While Mr. Beck's proffered testimony may satisfy the reliability requirements, this court does not believe his testimony would assist the jury by providing it with relevant information necessary to decide a fact in dispute. The court will analyze the relevance of each of Mr. Beck's proposed opinions.

1. The Mississippi Tax Commission does not prefer the direct method of accounting.

■ Calgon argues that Ducharme's alleged recommendation does not trigger Calgon's payment obligation because the recommendation was wrong. Specifically, in a letter from Ducharme to Calgon, a representative of Ducharme stated:

Another area for review in Mississippi is the filing of a return based on separate accounting. If Calgon's records are maintained on a plant by plant basis and the Mississippi plant is losing money or the income generated is less than the apportioned income for the year, you may want to consider refiling on this basis. *In actuality, Mississippi prefers*

*returns to be filed based on separate accounting.* If you have any additional information or thoughts on this matter, do not hesitate to give me a call and we can discuss this further. (emphasis added).

Calgon proffers that Mr. Beck will testify that, in practice, the Commission actually prefers the apportionment method over the separate method. First, it is questionable whether the statement in the alleged recommendation is actually incorrect.[2] Second, even if this portion of the letter was incorrect, the record shows that Calgon in fact received permission from the Mississippi State Tax Commission to file amended returns based upon separate accounting and these amended returns resulted in a tax savings by Calgon. Therefore, whether the separate accounting method is "preferred" by the Commission, or is merely accepted, is irrelevant. Put another way, the alleged recommendation clearly worked, therefore Calgon cannot argue that they have no obligation to pay Ducharme because this statement may be technically incorrect. Therefore, Mr. Beck's testimony as to this opinion will be excluded.

    2.   Calgon would have difficulty obtaining permission to file amended returns based on the separate accounting method.

Mr. Beck would also testify that the advice Calgon received from their law firm that it would be difficult to obtain permission from the Commission to file using separate accounting was correct. The pur-

pose of this testimony appears to be two fold: 1) to show that Ducharme's alleged recommendation would not be easily implemented and 2) to further contradict Ducharme's statement that the Commission prefers separate method accounting. Again, this court fails to see how this opinion is relevant. Regardless of the degree of difficulty it would take to implement the recommendation, it is undisputed that Calgon was permitted to file amended returns based on the separate accounting method. Also, as stated above, the Commission's "preference" is irrelevant, therefore, there is no need to further contradict it. Thus, Mr. Beck will be precluded from testifying to this opinion.

    3.   The separate accounting method is a well known accounting principle.

Finally, Mr. Beck would testify that the principle of separate accounting is well known in the area of taxation and that any reasonably experienced person in a multi-state corporation's tax department would be aware of the possibility of using separate accounting in filing multi-state tax returns for corporations. This opinion will support Calgon's contention that its personnel knew of the option of filing amended returns based on separate accounting prior to Ducharme's recommendation, and the decision to seek permission to file these returns was not based on Ducharme's recommendation.

This court finds this testimony to be irrelevant as well. If Calgon's defense is that the decision to seek the filing of returns based on separate accounting was

---

**2.** In Calgon's Appeal to the Mississippi State Tax Commission Board of Review, in which Calgon argued for permission to use the separate method in order to have its tax assessments adjusted, Calgon actually argued to the contrary stating, "Mississippi law contains a clear and unquestionable statutory preference for Direct or Separate Accounting ..." Calgon also cited a 1995 Mississippi Supreme

Court decision which states, "Mississippi's system for tax reporting prefers direct accounting presumably because it is more accurate." *Mississippi State Tax Comm'n v. Chevron U.S.A. Inc.,* 650 So.2d 1353, 1356 (Miss. 1995). Mr. Beck will testify that, in practice, the Commission's preference is contrary to these statements of law.

not the result of Ducharme's recommendation, then representatives from Calgon should testify as to what the decision was actually based on. The general knowledge or acceptance of the separate method of accounting in the industry as a whole is irrelevant to this defense. Therefore, Mr. Beck will be precluded from testifying to this opinion.

### B. *Motion to Exclude Evidence of State Tax Codes.*

 Ducharme has also moved to exclude from evidence documents identified in Calgon's pre-trial memorandum as "applicable portions of the tax codes of the 50 states." Ducharme argues that these documents should be excluded because they were not produced in a timely fashion. However, in light of this court's ruling that the Mississippi Tax Commission's actual preference of accounting methods is irrelevant to the issues in this case, this court cannot conceive of a way in which the tax codes of other states, which have nothing to do with this litigation, could be relevant to any issue in this case. Therefore, evidence of the tax codes of states other than Mississippi will be excluded.

### III. *Conclusion*

Because Mr. Beck's proffered opinions are not relevant to any dispute in the case, his testimony will be excluded at trial. Because the tax codes of states other than Mississippi are not relevant to this case, evidence of these tax codes will be excluded at trial as well. The appropriate order follows.

### *ORDER*

AND NOW, this *18th* day of March, 2003, upon consideration of plaintiff's Motion to exclude the testimony of Eddie Beck, IT IS HEREBY ORDERED that Mr. Beck is precluded from testifying to

the proffered opinions discussed in the attached memorandum. Upon consideration of plaintiff's motion to exclude sections of state tax codes, other than Mississippi's, IT IS HEREBY ORDERED that evidence of state tax codes, other than Mississippi's tax code, will be excluded from trial.